# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 23-1131

———————————————

Kaleb Leon Gilpin

*Petitioner - Appellant*

v.

United States of America

*Respondent - Appellee*

——————

Appeal from United States District Court
for the Western District of Missouri - Central

——————

Submitted: April 18, 2024
Filed: May 2, 2024
[Unpublished]

——————

Before GRUENDER, GRASZ, and KOBES, Circuit Judges.

——————

PER CURIAM.

In September 2021, Kaleb Gilpin pleaded guilty to two counts of being a user of a controlled substance in possession of a firearm. *See* 18 U.S.C. § 922(g)(3). The district court[1] sentenced Gilpin to 32 months' imprisonment on each count, to be

———————————————

[1]The Honorable Roseann A. Ketchmark, United States District Judge for the Western District of Missouri.

served concurrently, followed by a 3-year term of supervised release. In June 2022, the Supreme Court decided *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022). The Court held that the Second Amendment protects an individual right to carry a handgun for self-defense outside the home. *Id.* at 10. After the Court issued its decision in *Bruen*, Gilpin filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. He argued that his conviction violated the Second Amendment and that his counsel was ineffective for failing to challenge the constitutionality of § 922(g)(3). The district court denied Gilpin's motion.

We granted a certificate of appealability solely on the issue of whether Gilpin's conviction violates the Second Amendment in light of *Bruen*. *See id.* § 2253(c). In § 2255 proceedings, we review a district court's conclusions on issues of law *de novo*. *United States v. Duke*, 50 F.3d 571, 576 (8th Cir. 1995). The constitutionality of § 922(g)(3) is a legal question subject to *de novo* review. *See id.*

Due to our decision in *United States v. Veasley*, --- F.4th ----, 2024 WL 1649267 (8th Cir. Apr. 17, 2024), we discern no error by the district court.[2] In *Veasley*, which was decided after *Bruen*, we rejected the defendant's facial challenge to § 922(g)(3) under the Second Amendment. *Id.* at *9. We held that, for purposes of a facial challenge, § 922(g)(3) fits within the historical tradition of firearm regulation. *Id.* Therefore, we reject Gilpin's facial challenge as foreclosed by *Veasley*.

Accordingly, we affirm the judgment of the district court.

_____

[2]This case was originally set for oral argument on December 12, 2023. In November 2023, we granted the Government's unopposed motion to stay the case pending this court's decision in *Veasley*. An opinion and judgment in *Veasley* were filed on April 17, 2024.